SUMMARY ORDER

Petitioner Kriste Desku, a native of the former Yugoslavia, seeks review of a February 17, 2009 order of the BIA affirming the April 8, 2008 decision of Immigration Judge (“IJ”) Gabriel C. Videla, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Kriste Desku, No. A098 977 522 (B.I.A. Feb. 17, 2009), aff'g No. A098 977 522 (Immig. Ct. N.Y. City Apr. 8, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination. The IJ drew a negative inference as to Desku’s credibility after observing his demeanor. Specifically, the IJ noted that when asked about inconsistencies in the record, Desku was not responsive. We defer to the IJ’s finding in that respect. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Moreover, the IJ based his adverse credibility determination on inconsistencies within Desku’s testimony and between that testimony and other evidence in the record. For example, the IJ reasonably concluded that Desku provided inconsistent testimony about two identification docu *552 ments. While he originally claimed that they were in the same condition as the last time he saw them in Kosovo, when questioned as to why both documents, which were issued four years apart, had the same photograph, Desku conceded that he had altered the documents because he “was told that the Government here does not accept any document without a picture.” Desku asserts that his testimony was consistent because although he first indicated that the documents appeared the same, he clarified, when asked, that the documents looked the same, but not the pictures. Because a reasonable adjudicator would not be compelled to credit Desku’s explanation, the IJ’s finding is supported by substantial evidence. See, e.g., Majidi, 430 F.3d at 80-81. Moreover, in this post-REAL ID Act case, Desku’s argument that the discrepancies were too minor to support a credibility determination is unavailing as “an IJ may rely on any inconsistency or omission in making an adverse credibility determination.”[1] Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008); see 8 U.S.C. § 1158(b)(l)(B)(iii). Accordingly, based on the totality of the circumstances, the IJ’s adverse credibility finding is supported by substantial evidence. See 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin, 534 F.3d at 167.
Because the only evidence of a threat to Desku’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005); cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 apply to Desku’s asylum application because it was filed after May II, 2005. See Pub.L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).